In the Matter of the Claim of MARTY SNYDER, Respondent, v. NEW YORK STATE COMMISSION FOR HUMAN RIGHTS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 7, 1972.

*Herbert Lasky* (*John M. Cullen* of counsel), for State Insurance Fund, appellant.

*George Cholet* for Special Disability Fund.

*Louis J. Lefkowitz, Attorney-General* (*Morris N. Lissauer* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*David N. Weisband* for claimant-respondent.

SWEENEY, J. This is an appeal from decisions of the Workmen's Compensation Board, filed May 21, 1971 and June 8, 1971, which determined that claimant suffered a compensable accident.

Claimant, 56 years old, was employed as an associate director of housing by the New York State Commission of Human Rights in January of 1966. He has had a condition of diabetes for which he has taken insulin for over a period of 23 years. In September of 1967, after a new Commissioner was appointed as Chairman of the commission, claimant heard rumors that he was among 10% of the employees who were not qualified educationally or by experience and would have to go. On April 8, 1968, he met the Commissioner and told him that he understood he wanted him out of the agency; that he felt very bad that he kept hearing from different people around the agency that he

had to go and felt it was not fair to him. The Commissioner responded that he did not want claimant; that he was not competent in the field of housing; that he heard claimant did not like him and, therefore, he had to go. Within an hour after this meeting claimant's eyes hemorrhaged. Again, on December 4, 1968, the Commissioner informed claimant that his services would be terminated as of February 1, 1969, and shortly thereafter his eyes again hemorrhaged. Sometime after the reorganization from a commission to a division in July of 1968 claimant's position was changed to a desk and telephone, with no work assignments. He subsequently resigned from the Division of Human Rights and accepted a position with another State department on February 15, 1969. He stopped work on May 29, 1969 and filed a claim for compensation on July 16, 1969, alleging lost vision in both eyes as a result of constant '' harassment, irritation, tension and anxiety by threats of job loss by superior ''.

The board found that the hemorrhages were accidental injuries related to the emotional episodes of April 8, 1968 and December 4, 1968, and to the conditions of claimant's employment after September 1967 which produced a prolonged state of anxiety and tension. Claimant's attending physician and an impartial opthalmologist concluded that claimant's present condition is the result of the hemorrhages caused by the emotional upsets suffered after a heated discussion or confrontation.

Upon this record we find no heated discussion, confrontation or argument causing emotional stress which would constitute an industrial accident. As the medical testimony was based on a fact not in the record it was pure speculation. (*Matter of Coleman* v. *Guide-Kalkhoff-Burr*, 12 A D 2d 554, affd. 10 N Y 2d 857.) Nor is the board's assumption of a prolonged period of emotional tension supported by the record and it, therefore, also amounts to speculation on its part. (*Matter of Berg* v. *Associated Metals & Mins. Corp.*, 36 A D 2d 544.) Claimant's tension involved no more than that to which all workers are occasionally subjected without untoward result. (*Matter of Weinstein* v. *Apex Dress Co.*, 25 N Y 2d 947; *Matter of Cramer* v. *Barney's Clothing Store*, 15 A D 2d 329, affd. 13 N Y 2d 711; *Matter of Mulholland* v. *New York State Dept. of Public Works*, 34 A D 2d 1083.)

The decisions should be reversed and the claim dismissed, with costs to appellants against the Workmen's Compensation Board.

HERLIHY, P. J. (dissenting). If this had been a heart accident case, on the record there would be little doubt of affirmance. The nature of the injuries should not necessarily control the result. The board in finding an accident first relied upon the presumption of section 21 of the Workmen's Compensation Law and next decided that the injuries "are related to the emotional episodes on April 8, 1968 and December 4, 1968 and to the conditions of claimant's employment after September, 1967" and, contrary to the majority, in our opinion, the record substantiates such factual findings. *Matter of Berg* v. *Associated Metals & Mins. Corp.* (36 A D 2d 544) is not supportive of the present happening.

As to the medical testimony, Dr. Ira W. Mensher expressed an opinion establishing causal relationship based upon a history given to him by the claimant which the board could and apparently did accept.

The nature of the injury — hemorrhages of the eyes — is unusual, but the board on a sufficient record has determined that the injury was caused by an accident which resulted from emotional episodes and it cannot be found as a matter of law that the board's finding was not supported by substantial evidence. (See *Matter of Klimas* v. *Trans Caribbean Airways*, 10 N Y 2d 209; *Matter of Schechter* v. *State Ins. Fund*, 6 N Y 2d 506.)

We would affirm the decision of the Workmen's Compensation Board.

STALEY, JR., and SIMONS, JJ., concur with SWEENEY, J.; HERLIHY, P. J., dissents and votes to affirm, in an opinion in which COOKE, J., concurs.

Decisions reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board.